UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANK J. KORINKO,            )
    Plaintiff,            )
                   )
                   )
                   )
         v.            )        C.A. No. 1:18-cv-12632
                   )
WELLS FARGO HOME MORTGAGE,    )
    Defendant.            )
                   )

MEMORANDUM AND ORDER

WOLF, D.J.                                    November 30, 2020

In the attached February 14, 2020 Magistrate Judge's Report and Recommendation concerning defendant's Motion to Dismiss, the Magistrate Judge recommends dismissing Count I with prejudice and Counts II and III without prejudice. Plaintiff Frank Korinko objected to the Magistrate Judge's recommended dismissal of Count I with prejudice. He did not object to the dismissal of Counts II and III without prejudice, and states that he intends to file an amended complaint following this court's ruling on his objections.[1] Defendant Wells Fargo Home Mortgage ("Wells Fargo") did not object to the Magistrate Judge's

---

[1] Plaintiff's objections were filed on March 10, 2020, after the 14-day deadline for objections provided by Federal Rule of Civil Procedure 72(b), which was February 28, 2020. On March 3, 2020 plaintiff filed a motion for an extension of time to file his objections, citing counsel's inadvertence and commitments in another matter. The court has considered plaintiff's objections and finds them to be unmeritorious.

recommendations, but filed an opposition to plaintiff's objections.

The court has reviewed the Magistrate's recommendation with regard to Count I de novo. See 28 U.S.C. §636(b)(1)(B) & (C); Fed. R. Civ. P. 72(b)(3); Díaz-Alarcón v. Flández-Marcel, 944 F.3d 303, 310 (1st Cir. 2019). As explained below, the court is denying plaintiff's objections. In all other respects, the court finds that the Report and Recommendation is thorough, thoughtful, and persuasive. Accordingly, the court is adopting in full the Report and Recommendation.

Plaintiff objects to the Magistrate Judge's recommendation that Count I be dismissed with prejudice. Count I alleges that Wells Fargo breached a contract to remove Korinko's stepdaughter Tammy Hebert from a mortgage loan which they had both initially signed as mortgagors. The Amended Complaint is ambiguous as to what agreement serves as the basis for this claim. However, at oral argument before the Magistrate Judge plaintiff represented that the contract allegedly requiring Hebert's removal is a loan modification agreement entered into in 2013, and signed by Korinko and Wells Fargo, which apparently lowered the interest rate of the loan. Although the loan modification agreement itself is not in the record, both parties agreed at oral argument before the Magistrate Judge that it contains no

2

provision requiring that Wells Fargo remove Hebert from the loan. See Rep. & Rec. at 5. Therefore, the Magistrate Judge reasoned that even if the parties had reached a collateral oral agreement to remove Hebert from the mortgage, such an agreement would be unenforceable under the statute of frauds because it concerns an interest in real estate. See Rep. & Rec. at 7-9. Accordingly, the Magistrate Judge found that Count I fails to state a claim for breach of contract.

Plaintiff objects that the statute of frauds is inapplicable here because the alleged agreement concerned only the removal of Hebert from the promissory note, not the mortgage itself. Plaintiff relies on McKinley Investments, Inc. v. Middleborough Land, LLC, 62 Mass. App. Ct. 616 (2004), for the proposition that an oral modification of an agreement regarding the sale of land which does not "rewrite the contract," but instead establishes a substitute performance is enforceable under Massachusetts law notwithstanding the statute of frauds. Id. at 619. According to plaintiff, this exception is applicable because removal of Hebert from the promissory note does not constitute a rewriting of the mortgage loan, but rather the establishment of a substitute performance.

Plaintiff's filings do not raise this distinction between the promissory note and the mortgage. The Amended Complaint

alleges only that defendant agreed to remove Hebert from the "loan", which the court understands to mean both the mortgage and promissory note. See Am. Compl. ¶43. Similarly, plaintiff's briefing made no distinction between the mortgage and the note. A party is ordinarily "not entitled to a de novo review of an argument never raised" before the magistrate judge. Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). Nevertheless, the court finds that consideration of this objection is appropriate as defendant did not raise the statute of frauds issue in its motion to dismiss. Rather, the issue appears to have become implicated following the oral argument before the Magistrate Judge, at which the nature of the alleged agreement to remove Hebert from the mortgage loan was clarified.[2]

In any event, plaintiff's objection is unmeritorious because the exception recognized in McKinley is not as broad as plaintiff suggests. In McKinley, the alleged modifications at issue, although involving some ancillary matters, "all boiled down to an extension of time for performance." See 62 Mass. App. Ct. at 618-20. Since the effect of these modifications "was to establish a substitute performance, rather than a substitute

---

[2] While plaintiff objects that the statute of frauds would not apply to an oral agreement to remove Hebert from the mortgage loan, neither party objects to the Magistrate's raising of the statute of frauds for the first time in his Report and Recommendations.

4

contract," the court concluded that a written agreement was not required. See id. at 619. The Massachusetts Appeals Court has since held that there are only "limited factual circumstances in which an agreement may be orally modified in the face of the Statute of Frauds." Sea Breeze Estates, LLC v. Jarema, 94 Mass. App. Ct. 210, 217 (2018). An oral modification which "substantially changes [the parties'] obligations" is not exempt from the statute of frauds. Deluca v. U.S. Bank Nat'l Ass'n, 2009 WL 839098, at *3 (Mass. Super. Mar. 13, 2009) (holding that this exception to the statute of frauds extends only to modifications involving the "time of performance or manner of performance") (citations omitted).

By contrast, an oral agreement to remove Hebert from the promissory note would constitute a substantial change to the parties' obligations and would, therefore, be unenforceable pursuant to the statute of frauds. The removal of one of two borrowers from a promissory note underlying a mortgage loan is more like a "partial release" of a mortgage, which has been found to fall within the statute of frauds. See Metro. Credit Union v. Matthes, 46 Mass. App. Ct. 326, 334 (1999). The Magistrate Judge cited many additional cases reaching similar conclusions. See Rep. & Rec. at 8-9. The only case in addition to McKinley on which plaintiff relies is distinguishable as the

oral agreement at issue, as in <u>McKinley</u>, involved only an alteration of the time for performance. See <u>Akar v. Fed. Nat. Mortg. Ass'n</u>, 845 F. Supp. 2d 381, 397 (D. Mass. 2012) (alleged oral agreement to postpone foreclosure sale not barred by statute of frauds). As this court agrees with the Magistrate Judge that any alleged oral agreement to remove Hebert from the mortgage loan, or promissory note, would be unenforceable pursuant to the statute of frauds, it is dismissing Count I with prejudice.

Defendant contends in its Response to plaintiff's Objections that the court should dismiss Counts II and III with prejudice, rather than without prejudice as the Magistrate Judge recommends. This contention is, in effect, an untimely objection to the Report and Recommendation. Federal Rule of Civil Procedure 72(b)(2) requires that a party file any objections to a Magistrate's Report and Recommendation within 14 days. While the Rule allows the opposing party to file a reply within 14 days to "respond to [the other] party's objections", Fed. R. Civ. P. 72(b)(2), it does not allow the opposing party to raise its own objections for the first time in such a reply. See <u>Shophar v. Gyllenborg</u>, 2019 WL 4843745, at *2 (6th Cir. Apr. 19, 2019) ("Federal Rule of Civil Procedure 72(b)(2) does not provide a right to file a reply as a substitute for objections

to a report and recommendation."); see also Sparks Tune-Up Centers, Inc. v. Strong, 1994 WL 188211, at *4 (N.D. Ill. May 12, 1994). Defendant should have raised this argument in its own objection filed within 14 days of the issuance of the Report and Recommendation. If it had done so, plaintiff could have responded and the court would be able to make a fully informed decision on the merits of defendant's contentions. Therefore, the court declines to review de novo the Magistrate's recommendation that these counts be dismissed without prejudice rather than with prejudice.

Although this issue was not properly objected to in a timely manner, the court has given "reasoned consideration" to the Magistrate Judge's recommendations on it, and on Counts II and III generally, and finds his recommendations persuasive. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). Therefore, the court is adopting the Report and Recommendation and dismissing Counts II and III without prejudice, providing plaintiff leave to amend if there is a proper factual and legal basis under Federal Rule of Civil Procedure 11(b) to address the deficiencies identified in the Report and Recommendation with regard to Counts II and III.

Accordingly, it is hereby ORDERED that:

1.    The attached Report and Recommendation (Docket No. 28)
is ADOPTED and INCORPORATED pursuant to 28 U.S.C. §636(b)(1)(C).

2.    Defendant's Motion to Dismiss (Dkt. No. 14) is ALLOWED
in part and DENIED in part. Count I is dismissed with prejudice.
Counts II and III are dismissed without prejudice to the filing
of an Amended Complaint by December 18, 2020.

3. Any motion to dismiss an Amended Complaint shall be
filed by January 11, 2021. Any opposition shall be filed by
January 26, 2021.

UNITED STATES DISTRICT JUDGE